UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:25-cv-00004-GCM

| | |
|---|---|
| ANDRE' M. SPATES EL, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| | ) |
| LANE HUNEYCUTT, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 2, 5].

I.  BACKGROUND

Pro se Plaintiff Andre' M. Spates El ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at the Burke CRV Center in Morganton, North Carolina. On or about January 6, 2025, he filed this action pursuant to 42 U.S.C. § 1983, naming nine Defendants, including (1) Lane Huneycutt, Alexander Correctional Institution ("Alexander") Warden; (2) Timothy R. Metcalf, Mountain View Correctional Institution Case Manager; (3) Randy S. Mull, North Carolina Department of Adult Correction (NCDAC) Disciplinary Hearing Officer ("DHO"); (4) FNU Hall, Alexander Unit Manager; (5) FNU Goines, Alexander Unit Manager; (6) FNU Walker, Alexander Correctional Sergeant; (7) FNU Lett, Alexander Correctional Sergeant; (8) FNU Crane, Alexander Correctional Officer; and (9) FNU Cohen, Gaston Correctional Center Correctional Sergeant. [Doc. 1 at 3-6]. Plaintiff sues Defendants in their individual and official capacities. [Id.].

Plaintiff alleges the following: On October 31, 2024, Plaintiff notified Defendant Huneycutt of Plaintiff's "Registered Property Right" and that "if any of Plaintiff's property was taken or used without Plaintiff's Consent, legal actions would ensue." [Id. at 11]. On November 12, 2024, Defendant Crane inventoried Plaintiff's property, assisted by Defendant Hall, because of Plaintiff's imminent transfer to another facility. Plaintiff's property included photographs, which had been allowed into Alexander through the Text-Behind mail system. Defendants Crane and Hall told Plaintiff he could either (1) mail the photographs home, (2) throw the photographs away, or (3) be charged with a disciplinary infraction for contraband. Plaintiff was unable to mail the photographs home and refused to have them thrown away. Defendant Crane called for Defendant Goines' help. Crane and Goines reiterated Plaintiff's options and Plaintiff claimed his property was protected by the previous notice to Defendant Huneycutt as well as Plaintiff's filing the purported notice with the "Alexander County Clerk of Court." [Id. at 11]. Plaintiff was written up for possessing contraband, as well threatening staff and using profanity, both of which were "false statements" by Defendants Lett and Cohen. Defendant Walker witnessed the event. [Id. at 12]. Defendant Mull, with the approval of Defendant Metcalf, conducted a disciplinary hearing on the charges. [Id. at 9]. At the hearing, Plaintiff "tried to explain" that the pictures were "Mail" received through Text-Behind and previously allowed into the facility and that he never used profanity or threatened staff. Defendant Mull "insisted that if Plaintiff didn't plea guilty, [Mull] would impose the maximum allowed punishment." [Id.].

Plaintiff purports to state claims for "Unreasonable Search and Seizure, Due Process, [and] Cruel and Unusual Punishment."[1] [Id. at 4]. For injuries, Plaintiff claims to have lost photographs of sentimental value, to have suffered mental and emotional distress, and to have

---

[1] The Court will address only those claims fairly raised by Plaintiff's allegations.

incurred a $20.00 disciplinary fee.  [Id. at 10].  Plaintiff seeks injunctive and monetary relief.  [Id. at 13].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.   DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

3

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (quoting Monell, 436 U.S. at 690 n. 55). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38). The Court will dismiss Plaintiff's official capacity claims because he fails to allege that any policy was the moving force behind any constitutional violation.

Moreover, no due process claim lies from the alleged deprivation of property if there is an adequate post-deprivation remedy in state tort law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (stating that intentional deprivations of property do not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) ("Under North Carolina law, an action for conversion will lie against a public official who by an unauthorized act wrongfully deprives an owner of his property."). As such, even taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, he has failed to state a claim based on the alleged taking of his property. The Court, therefore, will dismiss this claim.

4

Case 5:25-cv-00004-GCM    Document 6    Filed 01/13/25    Page 4 of 7

Next, there is no constitutional right to be free from false disciplinary charges, so long as the inmate is granted a hearing and has the opportunity to rebut them. Pruitt v. FCI Morgantown, 2020 WL 11232160, at *5 (N.D.W. Va. Sept, 28, 2020). Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, he has nonetheless failed to state a claim based on any false accusations or false disciplinary charges. The Court, therefore, will also dismiss these claims.

Finally, prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)). Where a prison disciplinary hearing may result in loss of good time credits or solitary confinement, however, an inmate is entitled to certain due process protections. These include: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. See Wolff, 418 U.S. at 564-71. There is no constitutional right, however, to confront and cross-examine witnesses or to retain and be appointed counsel. See Baxter v. Palmigiano, 425 U.S. 308, 322 (1976); Brown v. Braxton, 373 F.3d 501, 505-06 (4th Cir. 2004). If the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. See Baxter, 425 U.S. at 323 n.5. Moreover, substantive due process is satisfied if the disciplinary hearing decision was based on "some evidence." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). To the extent Plaintiff purports to state a due process claim against Defendants Mull or Metcalf based on the conduct of Plaintiff's disciplinary proceedings, he has also failed. That is, Plaintiff alleges only that Defendant Metcalf approved a

5

Case 5:25-cv-00004-GCM     Document 6     Filed 01/13/25     Page 5 of 7

disciplinary hearing and that Defendant Mull advised Plaintiff that he would impose the maximum sentence if Plaintiff did not plead guilty to a disciplinary charge. The Court, therefore, will dismiss this claim.

As such, Plaintiff has failed to state any claim for relief in his Complaint. The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief if the facts allow.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.
Signed: January 13, 2025

Graham C. Mullen
United States District Judge