# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:25-cv-00004-GCM

| | | |
|---|---|---|
| ANDRE' M. SPATES EL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| LANE HUNEYCUTT, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint [Doc. 7] filed under 42 U.S.C. § 1983.  See 28 U.S.C. §§ 1915(e)(2) and 1915A.  Plaintiff is proceeding in forma pauperis in this matter.  [Docs. 2, 5].

## I.    BACKGROUND

Pro se Plaintiff Andre' M. Spates El ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at the Craggy Correctional Center in Asheville, North Carolina. On January 6, 2025, he filed this action pursuant to 42 U.S.C. § 1983, naming nine Defendants, including (1) Lane Huneycutt, Alexander Correctional Institution ("Alexander") Warden; (2) Timothy R. Metcalf, Mountain View Correctional Institution Case Manager; (3) Randy S. Mull, North Carolina Department of Adult Correction (NCDAC) Disciplinary Hearing Officer ("DHO"); (4) FNU Hall, Alexander Unit Manager; (5) FNU Goines, Alexander Unit Manager; (6) FNU Walker, Alexander Correctional Sergeant; (7) FNU Lett, Alexander Correctional Sergeant; (8) FNU Crane, Alexander Correctional Officer; and (9) FNU Cohen, Gaston Correctional Center Correctional Sergeant.  [Doc. 1 at 3-6].  Plaintiff sued Defendants in their individual and official capacities.  [Id.].

In his original Complaint, Plaintiff alleged the following: On October 31, 2024, Plaintiff notified Defendant Huneycutt of Plaintiff's "Registered Property Right" and that "if any of Plaintiff's property was taken or used without Plaintiff's Consent, legal actions would ensue." [Id. at 11]. On November 12, 2024, Defendant Crane inventoried Plaintiff's property, assisted by Defendant Hall, because of Plaintiff's imminent transfer to another facility. Plaintiff's property included photographs, which had been allowed into Alexander through the Text-Behind mail system. Defendants Crane and Hall told Plaintiff he could either (1) mail the photographs home, (2) throw the photographs away, or (3) be charged with a disciplinary infraction for contraband. Plaintiff was unable to mail the photographs home and refused to have them thrown away. Defendant Crane called for Defendant Goines' help. Crane and Goines reiterated Plaintiff's options and Plaintiff claimed his property was protected by the previous notice to Defendant Huneycutt as well as Plaintiff's filing the purported notice with the "Alexander County Clerk of Court." [Id. at 11]. Plaintiff was written up for possessing contraband, as well threatening staff and using profanity, both of which were "false statements" by Defendants Lett and Cohen. Defendant Walker witnessed the event. [Id. at 12]. Defendant Mull, with the approval of Defendant Metcalf, conducted a disciplinary hearing on the charges. [Id. at 9]. At the hearing, Plaintiff "tried to explain" that the pictures were "Mail" received through Text-Behind and previously allowed into the facility and that he never used profanity or threatened staff. Defendant Mull "insisted that if Plaintiff didn't plea guilty, [Mull] would impose the maximum allowed punishment." [Id.].

Plaintiff's Complaint failed initial review under 28 U.S.C. §§ 1915A and 1915(e) for Plaintiff's failure to state a claim for relief as further set forth in the Court's Order. [Doc. 6]. The Court noted, in part, that no due process claim lies from the alleged deprivation of property

because Plaintiff had an adequate post-deprivation in state tort law. [Id. at 4]. The Court also noted that there is no constitutional right to be free from false disciplinary charges and that Plaintiff failed to state a claim based on the conduct of his disciplinary proceedings. [Id. at 5]. The Court, therefore, dismissed his Complaint without prejudice and allowed him 30 days to amend his Complaint to state a claim for relief "if the facts allow." [Id. at 6].

Now before the Court is Plaintiff's Amended Complaint. [Doc. 7]. In his Amended Complaint, Plaintiff again names Defendants Huneycutt, Crane, Walker, Lett, Cohen, Hall, and Goines as Defendants. [Id. at 3-5]. He sues Defendant Honeycutt in his individual and official capacities and the other Defendants in their individual capacities only. [Id.]. Plaintiff largely alleges the same facts alleged in his original Complaint that were insufficient to state a claim for relief. [See id. at 8-10, cf. Doc. 1 at 9, 11-12]. Plaintiff claims violation of his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. [Doc. 7 at 4]. For injuries, Plaintiff claims deprivation of property, defamation of character, and mental and emotional distress. [Id. at 14]. For relief, Plaintiff asks for the return of his property, reimbursement of the $20.00 administrative write-up fee he incurred, and punitive damages in the amount of $2,452,010.00. [Id. at 15].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the

3

complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an

indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such

as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519,

520 (1972).  However, the liberal construction requirement will not permit a district court to

ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable

under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.   DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right

secured by the Constitution or laws of the United States, and that the alleged deprivation was

committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut.

Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v.

Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable

inference, he has failed to state a claim for relief under § 1983.  Plaintiff's allegations are

materially the same as those presented in his original Complaint, which failed to state a claim for

relief.  [See Doc. 6].  The Court need not rehash them here.  To the extent Plaintiff now also

wishes to state a First Amendment claim based on interference with his mail, he has failed.  As a

general matter, prisoners have the right to both send and receive mail. See Thornburgh v. Abbott,

490 U.S. 401, 408 (1989); Pell v. Procunier, 417 U.S. 817 (1974).  Restrictions on this right are

valid if they are reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S.

78, 89 (1987); see Haze v. Harrison, 961 F.3d 654, 658 (4th Cir. 2020) (noting that Turner

applies to both convicted prisoners and pretrial detainees).  For instance, prison officials may inspect an inmate's outgoing and incoming mail because such is reasonably related to legitimate penological interests.  See generally Wolff v. McDonnell, 418 U.S. 539, 575 (1974); Turner v. Safley,  482 U.S. 78, 89 (1987); see also Altizer v. Deeds, 191 F.3d 540, 547-48 (4th Cir. 1999) (opening and inspecting a prisoner's outgoing mail is, "[w]ithout question," reasonably related to legitimate penological interests); Matherly v. Andrews, 859 F.3d 264, 281 (4th Cir. 2017) (a "necessary implication" of Altizer is that prison officials may open and inspect a prisoner's incoming mail).  Here, Plaintiff alleges only a single instance of mail interference allegedly resulting from an official policy ostensibly grounded in penological interests.  Such a claim is not constitutionally redressable.

Because Plaintiff failed to amend his Complaint in accordance with the Court's Order and has otherwise properly failed to state a claim for relief, the Court will dismiss this action with prejudice.  See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

IV.    **CONCLUSION**

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice.

**<u>ORDER</u>**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 7] is **DISMISSED WITH PREJUDICE** in accordance with the terms of this Order for Plaintiff's failure to state a claim for relief.

The Clerk is respectfully instructed to terminate this action.

Signed: February 5, 2025

**IT IS SO ORDERED**.

Graham C. Mullen
United States District Judge